IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK FRENCH, | : | |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-4312 |
| | : | |
| THE GEO GROUP, INC., *et al.*, | : | |
|    *Defendants*. | : | |

**MEMORANDUM**

**PAPPERT, J.**                                                                                           **OCTOBER 10, 2018**

*Pro se* Plaintiff Mark French has filed this civil action pursuant to 42 U.S.C. § 1983 against The Geo Group, Inc. and the George W. Hill Correctional Facility, raising claims regarding conditions of confinement during his recent incarceration there. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant French leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

I

French was incarcerated at the George W. Hill Correctional Facility from August 11, 2018 through October 3, 2018. (Compl. at 3.) He alleges that during intake, he was held in an area with "25 people sleeping on the floor and shelves." (*Id.*) French was then assigned to a cell with two (2) other people. (*Id.*) He had to "sleep on the floor for 56 days until being released." (*Id.*) French further alleges that he did not receive his HIV medication for three (3) weeks after intake. (*Id.*) He had "insufficient storage" in his cell. (*Id.*) French was assigned only one (1)

1

uniform and was "denied a second after num[e]rous requests." (*Id.*) There was a "lack of grievance forms to report conditions." (*Id.*) French also contends that there were "numerous saf[e]ty hazards with fights in cells rapes, theft, and the guards not doing anything." (*Id.*)

French indicates that he did not sustain any injuries. (*Id.* at 4.) However, he contends that his "HIV medications are no good now after building up a resistance to them after not having them for 3 weeks." (*Id.*) As relief, French asks the Court "to investigate and correct the human rights violations that are happening" at George W. Hill. (*Id.*) He also seeks $125.00 per day, for a total of $7,000.00, "for the overcrowding and having to sleep on the floor next to dirty toilets for 56 days," as well as for the "lack of medications causing the resistance of [his] HIV meds making them useless." (*Id.*)

II

The Court will grant French leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As French is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, French's Complaint fails to state a claim for relief at this time.

A

French's claims against the George W. Hill Correctional Facility must be dismissed because the facility "is not a legal entity susceptible to suit." *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004)); *see also Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws.").

The Geo Group acts under the color of state law by providing services for the George W. Hill Correctional Facility. *See Belt v. GEO Group, Inc.*, No. 06-1210, 2007 WL 1030530, at *3 n.1 (E.D. Pa. Apr. 4, 2007) (citing *McCullum v. City of Philadelphia*, No. 98-5858, 1999 WL 493696, at *2 (E.D. Pa. July 13, 1999)).

3

However, to hold The Geo Group liable under § 1983, French must allege that his constitutional rights were violated as a result of a custom or policy adopted by that entity. *See Cephas*, 2011 WL 2695311, at *2 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978). French has not done so and cannot maintain a claim against The Geo Group at this time. *See McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (to satisfy the pleading standard for municipal liability under § 1983, a plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was").

B

French takes issues with various conditions at the George W. Hill Correctional Facility. However, many of his claims regarding those conditions do not state a plausible basis for a constitutional violation.

The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor (Hubbard I)*, 399 F.3d 150, 166 (3d Cir. 2005). Because French's status during his incarceration is not clear from the Complaint, the Court will analyze the Complaint under both amendments. To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He must also establish that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511

U.S. 825, 835 (1994). To establish a basis for a Fourteenth Amendment violation, a prisoner must establish that the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). That inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *See id.* at 538-39; *Hubbard I*, 399 F.3d at 158.

French first alleges that upon intake he was placed in an area with "25 people per cell sleeping on the floor and shelves." (Compl. at 3.) He also contends that he was then assigned to a cell with two (2) other individuals, where he had to "sleep on the floor for 56 days" and had "insufficient storage." (*Id.*) Housing multiple inmates in a cell does not alone establish a constitutional violation. *See Hubbard v. Taylor (Hubbard II)*, 538 F.3d 229, 236 & n.6 (3d Cir. 2008) (pretrial detainees do not have a right "to be free from triple-celling or from sleeping on a mattress placed on the floor."); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."). French has not established a plausible constitutional violation because he has not alleged that the overcrowded conditions amounted to punishment, deprived him of a basic need, or otherwise caused him harm. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Bell*, 441 U.S. at 542-43 (double-bunking did not violate constitutional rights of pretrial detainees when detainees

5

had sufficient space for sleeping and use of common areas, and the average length of incarceration was 60 days); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard II*, 538 F.3d at 232-35 (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment). Thus, French's Complaint fails to state a claim with respect to his allegations of overcrowding.

French next alleges that he was denied his HIV medication for three weeks after intake. (Compl. at 3.) In the context of deficiencies in medical care, an inmate's rights are violated under either the Eighth or Fourteenth Amendment if a prison official acts with deliberate indifference to an inmate's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Goode v. Giorla*, 643 F. App'x 127, 129 n.3 (3d Cir. 2016) (per curiam). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. While the denial of HIV medication could constitute deliberate indifference to a serious medical need, French has failed to state a claim at this time because, as discussed above, he cannot proceed against the George W. Hill Correctional Facility and has

6

failed to state that the violation of his rights was caused by a custom or policy instituted by The Geo Group.

French next argues that he was only provided with one (1) prison uniform "and [was] denied a second after num[e]rous requests." (Compl. at 3.) However, French has not alleged a plausible constitutional violation because he has not alleged that the denial of a second prison uniform amounted to punishment, deprived him of a basic need, or otherwise caused him harm. *See Wilson*, 501 U.S. at 305; *Bell*, 441 U.S. at 542-43.

French also contends that there was a "lack of grievance forms to report conditions." (Compl. at 3.) However, "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, while not having access to grievance forms would affect the analysis regarding whether French properly exhausted his claims as required by the Prison Litigation Reform Act, *see* 42 U.S.C. § 1997e(a), it does not provide an independent basis for a constitutional claim.

Finally, French alleges that there were "num[e]rous saf[e]ty hazards with fights in cells rapes, theft, and the guards not doing anything." (Compl. at 3.) However, nothing in the Complaint indicates that these alleged incidents pertained to French. "[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)).

7

Specifically, "[t]o have standing to bring a claim in federal court, a plaintiff must show, inter alia, that he has 'suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical.'" *Marin v. Leslie*, 337 F. App'x 217, 219 (3d Cir. 2009) (per curiam) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). If French sought to raise claims based on harm caused to other inmates, he lacks standing to do so. The Court will therefore dismiss any claims based on conduct that did not cause French harm.

IV

For the foregoing reasons, the Court will grant French leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice to French's right to file an amended complaint within thirty (30) days in the event that he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**